UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEE SIMMONS,

Plaintiff,

v.

HOYT BRILL, MS. HANSON, R.N. RENS, LPN. MAROTZKE, LT. ARNDT, SGT. BIENUSA, MS. SEIDL, MR. WILLIE, CHIEF O'MALLEY, LT. B. KRUEGER, CO LEMKE, UM ARNDT, STONE, MULLEN, MEYER, RICHES, DR. UNGER, DR. SAM, and THOMAS,

Defendants.

Civil File No. 00-1832 (PAM/FLN)

**ORDER**

Plaintiff, a prisoner at the Prairie Correctional Facility, Appleton, Minnesota, commenced this action by filing a complaint alleging that Defendants have violated his federal constitutional rights. Since the filing of his original complaint, Plaintiff has submitted a number of documents suggesting (as far as the Court can tell) that he wishes to file an amended complaint.

Because Defendants have not responded to the original complaint, (in fact, they have not even been served as yet), Plaintiff is entitled to amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a). If Plaintiff does choose to amend, however, he must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

FILED 9-13-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

In other words, if Plaintiff chooses to file an amended complaint, he must file an entirely new pleading. He cannot simply add to, or expand upon, the allegations set forth in his original complaint, as that pleading will essentially be nullified upon the filing of an amended complaint. Any amended complaint Plaintiff may file will completely replace the original complaint.

If Plaintiff chooses to file an amended complaint, he must also comply with Local Rule 9.3, which requires prisoners to submit their civil rights claims on the complaint form prescribed for use in this District. Copies of the prescribed form are available from the Clerk's office. The form includes instructions that should be carefully followed. In addition, Plaintiff will have to follow the general pleading rules set forth at Fed. R. Civ. P. 8-11. This means, inter alia, that he must state his claims clearly and concisely in separately-numbered paragraphs. See Fed. R. Civ. P. 8(e)(1) and 10(b). Any amended pleading that Plaintiff may submit must be clearly labeled "Amended Complaint," and again, Plaintiff must recognize that any such amended pleading will wholly supercede, and effectively nullify, his initial complaint. If Plaintiff has not filed an amended complaint by October 13, 2000, the Court will assume that he does not intend to file one, and the action will proceed accordingly.

Finally, the Court notes that Plaintiff has also filed various documents that appear to be (1) a request for appointment of counsel, and (2) a request to be excused from paying the initial partial filing fee prescribed by the Court's prior order of August 9, 2000, (Docket No. 6). Those requests will not be addressed until after it has been determined

whether an amended complaint will be filed.[1]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff shall have until October 13, 2000, to file an Amended Complaint in conformity with Fed. R. Civ. P. 8-11 and Local Rules 9.3 and 15.1, failing which he will be deemed to have abandoned his stated intention to amend.

Dated: September 12, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

---

[1] Plaintiff has not provided any updated financial information in support of his request to be excused from paying his initial partial filing fee. Needless to say, his request is more likely to be granted if it is supported by current and complete financial information.