UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEE SIMMONS,

Plaintiff,

v.

CCA/PRAIRIE CORRECTIONAL FACILITY ADMINISTRATION, ET AL.,

Defendants.

Civil No. 00-1832 (PAM/FLN)

**REPORT AND RECOMMENDATION**

This matter is before the Court for "initial screening" of Plaintiff's Amended Complaint, as required by 28 U.S.C. § 1915A. Also before the Court at this time are Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), and several motions for appointment of counsel. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed, and that Plaintiff's IFP application and requests for appointed counsel be denied.

## I. BACKGROUND

Plaintiff is a prisoner of the State of Wisconsin who is currently incarcerated at the Columbia Correctional Institution in Portage, Wisconsin. He commenced this action in this District on August 3, 2000, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. section 1983." (Docket No. 1.) When he filed his original complaint, Plaintiff was incarcerated at the Prairie Correctional Facility in Appleton, Minnesota, ("PCF"), and his claims were based on events that allegedly occurred during his confinement there.

NOV 29 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's original complaint listed 20 Defendants, most of whom apparently are correctional officials employed at PCF. One of the Defendants named in the original complaint is referred to as "CCA/PCF Administration," (hereafter "CCA"). "CCA" stands for "Corrections Corporation of America," which is the private corporation that owns and operates PCF. As far as the Court can tell, Plaintiff is referring to that corporation when he uses the name "CCA/PCF Administration."

Plaintiff did not tender the $150 statutory filing fee with his original complaint, (see 28 U.S.C. § 1914(a)), but he instead filed an application seeking leave to proceed IFP. Because Plaintiff is a prisoner, however, he was required to pay an initial partial filing fee before his action could go forward. 28 U.S.C. § 1915(b)(1). By Order dated August 9, 2000, (Docket No. 6), Plaintiff was directed to pay an initial partial filing fee of $8.71 within 30 days.

Plaintiff did not pay his initial partial filing fee as ordered, but he did send a letter to the Clerk of Court indicating that he was unable to pay the prescribed fee. (Docket No. 10.) Plaintiff also filed several other documents which seemed to indicate that he wanted to amend his complaint. By Order dated September 12, 2000, (Docket No. 14), the Court advised Plaintiff that he would have until October 13, 2000, to file an amended complaint. That order expressly informed Plaintiff that if he filed an amended complaint, he must use the form prescribed for prisoner civil rights actions commenced in this District, (see Local Rule 9.3), and that he would "have to follow the general pleading rules set forth at Fed. R. Civ. P. 8-11.) The Order further stated that

> "[I]f Plaintiff chooses to file an amended complaint, he must file an entirely new pleading. He cannot simply add to, or expand upon, the allegations set forth in his original complaint, as that pleading will essentially be nullified upon the filing of an amended complaint. Any amended complaint Plaintiff may file will completely replace the original complaint."

(Order dated September 12, 2000, p. 2; [emphasis in the original].) Finally, the Court's Order informed Plaintiff that his IFP application and his various requests for appointment of counsel would not be addressed until after he filed his new complaint.

On October 10, 2000, Plaintiff filed a request for additional time to file an amended complaint. (Docket No. 15.) That request was granted by the Court's Order of October 23, 2000. (Docket No. 16.) Plaintiff was directed to file his amended complaint by no later than December 1, 2000. He also was reminded that he would have to follow the pleading instructions set forth in the Order of September 12, 2000.

On November 13, 2000, Plaintiff finally filed his amended complaint. (Docket No. 18.) The only Defendant named in the caption of the amended complaint is "CCA/Prairie Correctional Facility Administration, et al." The amended pleading describes several instances of verbal and psychological harassment allegedly inflicted by various employees at PCF. Plaintiff alleges, inter alia, that PCF employees took pictures of him and made fun of him, placed him in a cell with a cellmate who assaulted him, did not treat his psychological problems promptly or adequately, falsely accused him of throwing urine at them, did not allow him to promptly clean himself after he had defecated on himself, and used "excessive force" against him by closing a trap door on his hand. He seeks a judgment awarding him an unspecified amount of compensatory and punitive damages.

## II. DISCUSSION

Plaintiff apparently is seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. Parties cannot be sued under § 1983, however, unless they are "state actors." See West v. Atkins, 487 U.S. 42, 48 (1988) (to state an actionable § 1983 claim, the plaintiff must allege that the defendant violated his constitutional rights while acting under color of state law). Therefore, even though Plaintiff's amended complaint does not expressly allege that the named Defendant (CCA) is a governmental entity, his civil rights claims are obviously predicated on the expectation that CCA will be treated as a governmental entity for purposes of this lawsuit.

Because Plaintiff is a prisoner who is seeking redress from a party that he presumably believes should be treated as governmental entity for purposes of this lawsuit, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995. Section 1915A requires federal courts to screen the pleadings in every prisoner civil rights action against governmental entities or governmental agents "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). In the instant case, the Court finds that Plaintiff has failed to state any claim on which relief can be granted, and that his action must therefore

be summarily dismissed pursuant to § 1915A(b)(1).[1]

A. Plaintiff Has Sued Only One Defendant

It first should be noted that Plaintiff is suing only one party, namely CCA, the sole Defendant named in the caption of the amended complaint. Although the use of "et al." in the caption suggests that Plaintiff may have intended to sue someone other than CCA, he has not indicated who else (if anyone) he may have wanted to sue. Nothing in either the caption or the body of the amended complaint provides any clear indication that Plaintiff actually intended to sue anyone other than CCA.

The Court could speculate that Plaintiff intended to sue all of the parties listed as Defendants in his original complaint, but no party should be joined in a lawsuit on the basis of mere speculation. Furthermore, it is not at all clear that Plaintiff is presently trying to sue exactly the same parties who were named as Defendants in the caption of his original complaint. After all, there are several parties mentioned in the amended complaint who are not listed in the caption of the original complaint, (e.g., Ronning, Ludvingson, and

---

[1] Even if § 1915A were not applicable here, Plaintiff's amended complaint would still be subject to sua sponte dismissal pursuant to 42 U.S.C. § 1997e(c)(1), which provides that

> "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

Moreover, because Plaintiff is attempting to bring this action under the IFP statute, it is subject to dismissal "at any time," if the Court determines that Plaintiff has failed to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Monro); and there are several parties listed in the caption of the original complaint who are never mentioned in the amended complaint, (e.g., Hanson, Marolzke, Stone, Mullen, Unger, Sam, and Thomas). Thus, the Court cannot simply assume that Plaintiff is still trying to sue the same Defendants that he named in his original complaint.

Moreover, Plaintiff was expressly reminded in the Court's order of September 12, 2000, that if he filed an amended complaint, it would "completely replace the original complaint," and that the original complaint would "essentially be nullified." It is therefore fair and reasonable to conclude that Plaintiff's original pleading was effectively vacated, for all purposes, when he filed his amended complaint. It follows that the original complaint cannot be relied upon to provide the names of the parties that Plaintiff intended to sue in his amended complaint.

The Court's construction of Plaintiff's amended complaint is not novel or unprecedented. In Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989), the Court held that a judgment could not be entered against a party who was named in an original complaint but omitted from the caption of a subsequent amended complaint. The Court reminded the plaintiff that "[t]he fact that a party was named in the original complaint is irrelevant; [because] an amended pleading supersedes the original." Id.

A few years later, in Ferdik v. Bonzelet, 963 F.3d 1258 (9th Cir.), cert. denied, 506 U.S. 915 (1992), the same Court upheld the dismissal of a prisoner's amended complaint that identified the Defendants only as "Joe T. Bonzelet, et al." The amended pleading was found to be defective because there was no way of ascertaining who, (besides Joe T.

Bonzelet), the prisoner-plaintiff, Ferdik, intended to sue. The Court pointed out:

> "[T]he phrase 'et al.' is short for 'et alia,' which means 'and others.' [Citations omitted.] Ferdik's inclusion of this phrase in the caption of his second amended complaint announced that he was suing persons in addition to Bonzelet. But whom? Without additional information to assist in interpreting to whom it refers, 'et al.' is, by definition, ambiguous."

Id. at 1262. The Court went on to say that the meaning of "et al." could not be determined by referring back to Ferdik's prior pleadings. In the words of the Court:

> "The only possible means [of ascertaining the intended defendants], reference to Ferdik's original and first amended complaints which contained captions that listed other defendants in addition to Bonzelet, is precluded by the well-established doctrine that an amended pleading supersedes the original pleading."

Id. at 1262. Thus, the Court concluded:

> "Because after amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent' [citation omitted], Ferdik's earlier complaints cannot have the effect of filling in the names of the defendants in the later 'et al.' pleading."

Id. (emphasis added).

The same reasoning used in Ferdik was also applied in Savacool v. Fitzgerald Mercy Catholic Medical Center, Civ. A. No. 92-2142, 1992 WL 185311 (E.D.Pa. 1992). There too, a plaintiff filed an amended complaint with a caption that stated the name of one defendant, followed by the term "et al." The Court held that "Plaintiff will not be permitted to incorporate by reference parties named in her original complaint merely by appending the indication 'et al.' to the caption of the amended complaint." Id. at *2.

Here, as in Ferdik and Savacool, Plaintiff's original complaint cannot supply the identity of the parties to whom he was referring when he used the term "et al." in the

caption of his amended complaint. Because there is no other way to ascertain who else (if anyone) Plaintiff is attempting to sue in his amended complaint, the Court is forced to conclude that the only Defendant presently being sued is CCA.

The Court is not engaging in a hyper-technical construction of Plaintiff's amended complaint in order to frustrate his efforts to obtain legal relief. The Court is merely insisting that Plaintiff comply with an essential and fundamental pleading rule, i.e., that he must clearly identify who he is suing. As the Court observed in Savacool

> "[P]ro se litigants [must] observe certain minimal pleading requirements as set forth in the Federal Rules of Civil Procedure. Among these minimal requirements is a complaint on which the caption indicates plainly all parties against whom a plaintiff seeks to proceed. Putative defendants should not be required to speculate as to whether or not they are parties to a lawsuit. Moreover, a caption that complies with Rule 10(a)[2] is particularly important to ensure proper service upon all parties where a plaintiff is proceeding in forma pauperis."

1992 WL 185611 at *2. Thus, it is entirely appropriate that Plaintiff should not be allowed to prosecute the claims set forth in his amended complaint against any party who is not specifically named as a Defendant in the caption of that pleading. Because CCA is the only party named as a Defendant in the caption (or anywhere else) in the amended complaint, CCA must be viewed as the only party presently being sued in this case.

B. No Actionable Claim Against CCA

Ironically, it appears that CCA, the only Defendant named in the caption of Plaintiff's

---

[2] Fed. R. Civ. P. 10(a) provides that "[i]n the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties." (Emphasis added.)

amended complaint, is never mentioned anywhere in the body of that pleading.[3] Needless to say, if Plaintiff's complaint does not even mention CCA, it obviously does not include any factual allegations that would support an actionable claim against CCA.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or did not do, that allegedly violated the plaintiff's federal constitutional rights.

Plaintiff's present complaint is fatally deficient because it does not allege any facts ascribing any specific wrongful conduct to CCA itself. There are no allegations describing what, specifically, CCA -- the corporate operator of the Prairie Correctional Facility -- did (or failed to do) that could have violated Plaintiff's constitutional rights.[4] The amended

---

[3] Paragraph (1) of the amended complaint includes the name "CCA/Prairie Correctional Facility," but that is obviously just a reference to the place where Plaintiff was incarcerated, not a reference to the party that he is attempting to sue.

[4] Plaintiff cannot contend that he was unaware of the need to include factual allegations describing the specific wrongful acts or omissions of each named Defendant, because the form he used to prepare his original complaint, (and which he should have

complaint therefore fails to state an actionable claim against CCA.[5]

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's amended complaint must be dismissed for failing to state a claim on which relief can be granted. The Court further concludes that Plaintiff should not be granted leave to file yet another amended complaint. See Christiansen v. Clarke, 147 F.3d 655, 657-58 (8th Cir.) ("[b]y allowing district courts to dismiss all meritless claims before service of process and without leave to amend, the [Prison Litigation Reform Act] reduces the cost of... [meritless prisoner] suits to the judicial system"), cert. denied, 525 U.S. 1023 (1998) (emphasis added).[6]

Given the Court's determination that CCA is the only party being sued here, the dismissal of this action obviously will affect only CCA. Therefore, the dismissal of this

---

used to prepare his amended complaint), specifically advised him to set forth a summary of the "facts" on which his claims are based, and directed him to "[d]escribe how each individual defendant is personally involved." (Complaint, § IV; emphasis in the original form.) Despite this instruction, Plaintiff has not provided any allegations attributing any specific act or omission directly to CCA.

[5] It appears that Plaintiff might be attempting to sue CCA under the doctrine of respondeat superior. In other words, he may believe that CCA should be held vicariously liable, by operation of law, for the alleged errors and omissions of its employees. It is well-settled, however, that employers cannot be held vicariously liable for civil rights violations allegedly committed by their employees or subordinates, because the doctrine of respondeat superior does not apply to § 1983 claims. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

[6] Although the dismissal in Clarke was based on 28 U.S.C. § 1915(e)(2)(b)(ii), the Court of Appeal's reasoning in Clarke appears to be fully applicable to dismissals based on 28 U.S.C. § 1915A(b)(1), as is recommended here.

action by itself will not preclude Plaintiff from suing other parties in some other action.[7]

Because Plaintiff has failed to state an actionable claim, it also will be recommended that his application for IFP status be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[8] He has not paid any part of that fee to date, so he still owes the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g). Finally, Plaintiff's multiple requests for appointment of counsel (Docket Nos. 4, 7, 9, 11 and 19) will be summarily denied,

---

[7] It does not appear, however, that Plaintiff could sustain any § 1983 claim against any party based on the allegations of his present pleading. There are at least two critical defects in Plaintiff's current pleading that would seem to preclude him from stating an actionable claim against anyone on the basis of the limited facts alleged therein. First, he has not affirmatively alleged that he has exhausted all of his available administrative remedies. See 42 U.S.C. § 1997e(a); McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000). Second, he appears to be seeking relief solely for "mental or emotional injury," not accompanied by any separately actionable physical injury. Such claims are barred under the PLRA. See 42 U.S.C. § 1997e(e).

[8] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

because he has not shown that he has any actionable claim for relief that can be litigated in federal court. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 5), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), 28 U.S.C. § 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150 fee, in accordance with 28 U.S.C. § 1915(b)(2);

4. Plaintiff's requests for appointment of counsel, (Docket Nos. 4, 7, 9, 11 and 19), be **DENIED**; and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: Nov. 28, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 12-15-00, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.